**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AHMED YANOGO** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **JAMISON, J.L., et al.,** | : | |
| | : | **No. 26-6390** |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW,** this 1st day of September, 2026, upon consideration of Ahmed Yanogo's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. **AHMED YANOGO** is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release **AHMED YANOGO** from custody.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 E.S.T. on September 1, 2026.

4. Respondents are temporarily enjoined from re-detaining **AHMED YANOGO** for seven days following his release from custody.

5. If Respondents pursue re-detention of **AHMED YANOGO** they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

Hon. Mia R. Perez

---

[1] Petitioner Ahmed Yanogo is a thirty-one-year-old native and citizen of Burkina Faso who arrived in the United States on December 31, 2022. ECF No. 1 ¶¶ 1, 25. Upon entering the United States, he was detained by the Department of Homeland Security ("DHS") and subsequently released on his own recognizance. *Id.* ¶¶ 26–27. Since his release, Petitioner has complied with every reporting requirement and condition imposed by DHS. *Id.* ¶ 30. He has no criminal history and is gainfully and lawfully employed. *Id.* ¶ 31. On August 27, 2026. Petitioner appeared at his regularly scheduled ICE check-in where ICE took him into custody despite no alleged material change in his circumstances. *Id.* ¶¶ 32–33.

On August 27, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention. ECF No. 1. On September 1, 2026, Respondents filed a response acknowledging the Third Circuit's precedential decision in *Buele Morocho v. Warden Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *9 (3d Cir. Aug. 28, 2026), but stating they are not yet authorized to represent what impact that decision has on this case and are awaiting guidance from the Department of Justice. ECF No. 4 at 1. *Buele Morocho*, however, is binding on this Court. There, the Third Circuit held that § 1225(b)(2)(A), which requires detention of "applicants for admission" who are "seeking admission," does not apply to a noncitizen who is already present in the United States and is not engaged in an ongoing affirmative act of "seeking admission." *Id.* at *3. The Court also held that "applicant for admission" and "seeking admission" are distinct requirements and that detaining a noncitizen with no criminal record who has lived in and developed connections in the United States without a bond hearing violates due process. *Id.* at *5, *8-10. Petitioner falls squarely within *Buele Morocho.* He entered the United States in December 2022, DHS released him on his own recognizance, and he remained in pending removal proceedings until ICE re-detained him at a regularly scheduled check-in. ECF No. 1 ¶¶ 26–32. Since Petitioner was not "seeking admission" when ICE detained him, § 1225(b)(2)(A) does not authorize his detention. *See Buele Morocho* at 20. The Court therefore grants the Petition and orders Petitioner's immediate release.